# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD DOSS,**

    **Plaintiff,**

vs.                                                                     **Case No. 4:15cv136-WS/CAS**

**CORIZON HEALTH SERVICES, et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 5. In the complaint, Plaintiff admits that he has incurred three strikes under 28 U.S.C. § 1915(g) and is prohibited from proceeding with in forma pauperis status. Doc. 1 at 8. However, Plaintiff states that he disputes the three strikes finding, although he does not fully explain why. *Id.* at 5, 8. Plaintiff also seeks to have this case proceed under the imminent danger provision of § 1915(g) based on the denial of adequate medical care. *Id.* at 8.

Plaintiff's only explanation of his dispute to the three strikes determination is that a case was dismissed in the Northern District of Florida for failure to state a claim.

Plaintiff's recollection is that "it was a habeas corpus[1] proceeding which should not have been dismissed for [that] reason . . . ." Doc. 1 at 5.  Plaintiff states that he cannot remember the case number, the name of the judge, the approximate filing date, or dismissal date of the case.  *Id.*  Recollections would be unnecessary if Plaintiff had presented this Court with a list of his prior cases.  Plaintiff did not submit a list of his cases, nor did he even identify three federal cases which were dismissed as a strike.  The complaint form requires prisoners "to disclose **all** prior civil cases" and warns that failure to do so "may result in the dismissal of this case." *See* doc. 1 at 4 (emphasis in original).  It also requires the identification of "each and every case" dismissed as "frivolous, malicious, failing to state a claim, or prior to service." *Id.* at 5.

Although it was many years ago, Plaintiff has been warned in prior litigation in this Court that he must keep an accurate listing of all his cases. *See* case no. 4:00cv148-LAC/WCS.  That case was ultimately dismissed on December 7, 2001, because Plaintiff did not honestly disclose all prior cases.  It was belatedly discovered that he had three strikes, so in forma pauperis status was revoked and Plaintiff was given an opportunity to pay the filing fee.  After failing to do so, the case was

---

[1] Plaintiff submitted a habeas petition in this Court, case number 4:04cv162-RH/WCS, which was dismissed as moot on February 21, 2005.  A second habeas case was submitted, case number 4:04cv238-MP/AK, which was dismissed for failure to exhaust state administrative remedies on August 25, 2004.  A third habeas petition was transferred to this Court from the Middle District of Florida on March 17, 2003.  Case number 4:03cv117-RH/WCS was a challenge to three disciplinary actions, and was denied on August 13, 2004, because he was not deprived of due process and there was evidence to support the charges. *See* docs. 33, 35 of that case.  No other habeas cases were filed in the Northern District or dismissed for failure to state a claim.  Most importantly, habeas cases are not counted as "strikes," only civil cases are counted.

Case No. 4:15cv136-WS/CAS

dismissed.[2] That Plaintiff may have forgotten the content of a court order over ten years ago is understandable and unremarkable, but dismissal of a case for not honestly disclosing his prior litigation to avoid discovery of "strikes" should have made a lasting impression. *See* Report and Recommendation, doc. 39 of case no. 4:00cv148.

If that one case were not enough, Plaintiff also had a second case dismissed for failing to honestly disclose all prior cases. Case number 3:97cv923 was filed in the Middle District of Florida and dismissed by District Judge Ralph Nimmons for "Plaintiff's abuse of the judicial process in not providing the Court with true and complete factual statements and/or responses that can be relied on to bring his case to an expeditious closure." Doc. 38, at 17, case no. 4:00cv148.[3] Two dismissals for the same reason should have been memorable. In addition, both dismissals count as strikes because they amounted to an abuse of judicial process. Rivera, 144 F.3d at 731.

Another dismissal was entered by Judge Nimmons of the Middle District of Florida. In case 3:98-77-Civ-J-21C, the defendants' motion to dismiss was granted,

---

[2] In Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), *abrogated in part by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that exhaustion is an affirmative defense), the Eleventh Circuit held that a strike may be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits. Rivera, 144 F.3d at 731. Such actions are abuse of the judicial process and, whether or not characterized by a court as "frivolous" or "malicious," it is a strike. 144 F.3d at 731; *see also* Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (affirming dismissal as "an abuse of judicial process and issuing a strike" when prisoner failed to disclose all prior cases); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (same). The dismissal in case number 4:00cv148-LAC/WCS counts as a strike.

[3] The docket for the Middle District does not provide information on the dismissal of case no. 3:97cv923. However, Plaintiff previously had submitted the order of dismissal in case number 4:00cv148, doc. 38 at 16-17. Plaintiff also filed a listing of prior cases in document 38 which may be helpful to Plaintiff in accurately listing his cases in the future. If Plaintiff desires a copy of that document, he is advised in advance that it consists of 37 pages.

Case No. 4:15cv136-WS/CAS

finding Plaintiff's due process claims were "without merit."  *See* case no. 4:00cv148, doc. 38 at 29.  A case dismissed because it lacks merit is the same as a dismissal for failure to state a claim and counts as a strike under 28 U.S.C. § 1915(e)(2)(B).  The dismissal of that case also counts as a strike.

Plaintiff also filed case number 5:08cv68 on March 11, 2008.  It was dismissed on September 10, 2008, because Plaintiff had three strikes under § 1915(g) and did not present allegations indicating he was in imminent danger of serious physical injury.[4]  Similarly, Plaintiff filed case number 3:08cv461-RV/MD on October 9, 2008.  It was also dismissed under § 1915(g) on December 12, 2008, because Plaintiff did not allege he was under imminent danger of serious physical injury and did not pay the filing fee.

Judicial notice is taken that Plaintiff has had three prisoner civil rights cases dismissed in the Middle District because he did not first exhaust state remedies.  Case number 3:94cv693-HES was dismissed on February 1, 1995, case number 3:94cv694-HES was dismissed on August 11, 1994, and case number 3:93cv1585 was dismissed on May 9, 1995.  Review of the docket for those cases indicate dismissal was either because the claims were not administratively exhausted or because they were unexhausted through habeas and barred by Heck and Preiser.  Either way, those dismissals also count as strikes under 28 U.S.C. § 1915(e)(2)(B).  Moreover, case number 1:95cv1163 was dismissed in the Southern District of Florida because it was

---

[4] Of particular interest is the fact that Plaintiff alleged in that case that he had a torn rotator cuff and needed surgery.  *See* doc. 11.  The Court rejected the claim that "without surgery the torn rotator cuff pose[d] an imminent threat of serious injury . . . ."  *Id.* at 6.  Magistrate Judge Elizabeth Timothy also noted that if Plaintiff's were an emergency, he "would likely have requested medical relief instead of monetary relief."  *Id.* (citing doc. 1 at 9).  Plaintiff's claims in this case also concern a torn rotator cuff.

Case No. 4:15cv136-WS/CAS

barred by the statute of limitations.  *See* case no. 4:00cv148, doc. 39 at 17-19.  That dismissal also counts as a strike.  Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (stating that if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Plaintiff is not new to litigation.  He is aware of the importance of identifying his prior cases.  Plaintiff must obtain the necessary information from the three federal courts in the State of Florida and provide an accurate listing of his prior cases.[5]  Failing to do so will likely result in the dismissal of future cases.

While it is noted that Plaintiff acknowledged he had "been ruled to have 3 strikes," he also stated in the same sentence that he disputed and challenged that ruling.  Doc. 1 at 8.  Nevertheless, Plaintiff has also not provided any basis to dispute that he has three strikes.  Whether one habeas case may have been incorrectly dismissed is irrelevant because habeas cases are not counted as strikes and Plaintiff has accumulated more than three dismissals in civil rights cases under § 1915(g).[6]  Accordingly, unless Plaintiff's complaint demonstrates that he faces imminent danger of serious physical injury, Plaintiff's case should be dismissed.

---

[5] The information provided in this Report and Recommendation gives Plaintiff a head start in that process.

[6] That statute provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's complaint[7] alleges a claim for "the unnecessary and wanton infliction of pain and/or deliberate indifference to his serious medical needs."  Doc. 1-1 at 1. Plaintiff has sued Corizon Health Services, Inc., Dr. Berrios from Live Oak, Florida, Dr. Benenes from Orlando, Floria, Dr. Vichez from SWCI, Ebony Harvey[8] from the Department of Corrections' Central Office, and Assistant Warden Mock from SWCI.  Doc. 1-1 at 2-3.  Plaintiff notes that he has been a prisoner "at all times relevant" in three different institutions.  *Id.* at 3.  The first reason this case is insufficient to demonstrate imminent danger is that Plaintiff is housed at Tomoka Correctional Institution.  Doc. 1 at 2.  None of the named Defendants are located there with Plaintiff.  The fact that Plaintiff believes prior medical personnel have been deliberately indifferent to his medical needs does not suffice to show that Plaintiff is unable now to receive appropriate health care at Tomoka.

The basis for this case is Plaintiff's claim that he has been denied medical care for "serious medical needs" which are identified as a "tear of both rotator cuffs, both ACL tears in knees, denial of chronic pain relief medication" for neuropathy "or for seizures," and back pain.  Doc. 1-1 at 3.  Plaintiff alleges that while in the Martin County Jail, he slipped and fell, aggravating a pre-existing injury to his lower back, causing a tear in both ACLs.  *Id.* at 4.  He was prescribed Gabapentin, but after entering the

---

[7] Plaintiff's complaint is construed liberally and the allegations are accepted as true at this stage of litigation.

[8] The complaint does not contain any factual allegations showing involvement by Ebony Harvey, the official responsible for responding to grievance appeals.  Doc. 1-1. Nor are there any factual allegations presented against Defendant Mock who, as an assistant warden, is unlikely to provide health care to prisoners.

custody of the Department of Corrections in August 2014,[9] Plaintiff alleges he was not provided the correct dosage of that medication . *Id.* Thereafter, Plaintiff was transferred to SWCI, Annex on September 11, 2014. *Id.* at 5. Between September and December 2014, Plaintiff had numerous visits to sick call for issues such as a wheelchair pass, the medication Neurontin[10] for seizures, Tramadol[11] for pain and neuropathy, and treatment for the ACL and rotator cuff issues. *Id.* at 5-6. Dr. Berrios evaluated Plaintiff and referred him to physical therapy, but did not prescribe Neurontin. *Id.* at 6. Dr. Berrios prescribed 100 mg Tegretol[12] "for neuropathy pain" but Plaintiff complains he only received three doses. *Id.* at 7.

Plaintiff alleges he has not received "any type of chronic pain relief treatment, medication for seizures or any type of evaluation, diagnosis, treatment or care for full and partial tear of rotator cuffs, both ACL tears, no wheelchair or ADA status of Lumbar spine." *Id.* However, Plaintiff acknowledges that on February 13, 2015, after being

---

[9] It seems odd in light of the history of Plaintiff's prior litigation to note that Plaintiff entered DOC custody in August 2014. The DOC website clarifies that Plaintiff was previously incarcerated between 1989-2004, 2007-2012, and he began his third period of incarceration on August 5, 2014. www.dc.state.fl.us

[10] "Neurontin (gabapentin) is an anti-epileptic medication, also called an anticonvulsant. It affects chemicals and nerves in the body that are involved in the cause of seizures and some types of pain. . . . Neurontin is also used in adults to treat nerve pain caused by herpes virus or shingles (herpes zoster)." www.drugs.com

[11] "Tramadol is a narcotic-like pain reliever. Tramadol is used to treat moderate to severe pain. The extended-release form of tramadol is for around-the-clock treatment of pain. This form of tramadol is not for use on an as-needed basis for pain." www.drugs.com

[12] "Tegretol (carbamazepine) is an anticonvulsant. It works by decreasing nerve impulses that cause seizures and pain. Tegretol is used to treat seizures and nerve pain such as trigeminal neuralgia and diabetic neuropathy." www.drugs.com

Case No. 4:15cv136-WS/CAS

transferred to Tomoka Correctional Institution, he "finally received 300 mg [T]egretol, prednisone, 600 mg Tylenol, [and] 25 mg Benedryl." Doc. 1-1 at 7.  Plaintiff complains that the medications are "only about 25% effective for pain relief for neuropathy for approximately 6 hours."  *Id.*  He further asserts that although Tegretol treats his neuropathy, "the side effects are horrendous."  *Id.* at 8.  Plaintiff says that for approximately 12 hours, he "is stiff, weak, and his thinking process is slow causing his faculties not to work properly."  *Id.*  Finally, Plaintiff complains that he requested a pass for a wheelchair or a walker, but Nurse Croker "stated just keep filing informal and formal grievances."  *Id.*

Review of Plaintiff's complaint as a whole leads to the conclusion that he is complaining about past harm, which "does not satisfy § 1915(g)'s exception that a plaintiff be 'under imminent danger of serious physical injury.' "  Abdullah v. Migoya, 955 F. Supp. 2d 1300, 1307-08 (S.D. Fla. 2013) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (stating "a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999) (agreeing with Fifth and Eighth Circuits in holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001), *cert. denied*, 533 U.S. 953 (2001) (stating that "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' ")).  A Plaintiff seeking to bypass the three

strikes bar "must allege that he is currently in danger or that he expects the deprivation to continue causing him future danger." <u>Abdullah</u>, 955 F. Supp. 2d at 1307.

Taken as a whole, Plaintiff's complaint takes issue with the medications he has been provided for neuropathy pain, but that is not a basis for imminent danger. In <u>Brown v. Johnson</u>, the Eleventh Circuit concluded that the prisoner's health care issues could constitute imminent danger of serious physical injury. 387 F.3d at 1350. There, however, the prisoner alleged that the doctor stopped his previously prescribed treatment for HIV and hepatitis. *Id.* The prisoner alleged that without treatment, he "would be exposed to 'opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome,' which would cause him to die sooner." *Id.* The Court concluded that the alleged rapid worsening of his serious medical conditions and increased susceptibility to various other illnesses due to the "complete withdrawal of treatment" was sufficient to demonstrate "imminent danger of serious physical injury." *Id.*; *see also* <u>Skillern v. Paul</u>, 202 F. App'x 343, 344 (11th Cir. 2006) (explaining <u>Brown</u>).

In contrast, the Eleventh Circuit did not find that the prisoner's complaint demonstrated imminent danger in <u>Skillern v. Paul</u>. There, the plaintiff complained that he was deprived of heart medication and generally claimed that such deprivation "may have deadly or serious consequences." *Id.* at 343-344. The court held that the plaintiff did not allege specific facts, but "merely [ ] alleged that deprivation of his medication *may* result in suffering serious physical injury." *Id.* at 344. The court commented that the plaintiff "never alleged that he suffered any physical injury as a result of not receiving the medication." *Id.*

Here, Plaintiff's complaint focuses on the treatment he received prior to his transfer to Tomoka C.I. where he is currently housed. Count I of the complaint concerns only his medical care between August 5, 2014, and December 30, 2014. *Id.* at 8. There are no relevant allegations concerning physical injury after his transfer on February 11, 2015. *See* doc. 1-1 at 7-8. Indeed, after his transfer, Plaintiff states that he "finally received" four medications. *Id.* at 7. The only specific allegation made after arriving at Tomoka was that Plaintiff went to sick call concerning a pass for a wheelchair or walker and the nurse apparently did not give him the pass. *Id.* at 8. Noticeably absent are factual allegations concerning pain and problems from the allegedly torn ACLs which would demonstrate serious physical injury. In other words, Plaintiff complains about not getting a wheelchair, but Plaintiff does not present specific facts explaining his level of pain or discomfort, demonstrating his physical limitations, or describing the problems he has with the torn ACLs. Plaintiff makes a vague reference to having "fallen several times while being forced to walk to chow hall" and other places at the institution, but that is not enough to demonstrate "imminent danger of serious physical injury." Hudnall v. Culliver, No. 08-cv-0605-KD-M, 2009 WL 920908, at *2 (S.D. Ala. Apr. 1, 2009) (pointing out that "[i]n the absence of specific facts about his condition, the need for treatment and medication, and 'serious physical injury' that he will sustain, Plaintiff has failed to meet his burden of showing that he was in imminent danger of serious physical injury at the time he filed this action"). Similarly, Plaintiff provides no factual allegations which reveal problems or pain from the rotator cuff issue. His complaints of neuropathy pain have been addressed and are being treated since his arrival at Tomoka C.I.

Also supporting the conclusion that this case is about past care and not "imminent danger" is the fact that no health care provider from Tomoka C.I. is named as a Defendant. If Plaintiff were truly concerned about future harm because of current events and not past events, he would have named as a Defendant those persons who are now responsible for his medical care.

A "plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen, No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007). In this case, Plaintiff's allegations are not sufficient. Therefore, because Plaintiff has had more than three prior § 1915(e)(2)(B) dismissals and has not shown that he faces imminent danger of serious physical injury, his motion seeking leave to proceed in forma pauperis, doc. 5, should be denied and this action dismissed. Dismissal should be without prejudice as Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $400.00 filing fee at the time of case initiation. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1-1,[13] be **DISMISSED** without prejudice, all other pending

---

[13] Plaintiff submitted a complaint, doc. 1 on March 11, 2015, which had attached a type-written "verified complaint" in which Plaintiff presented his allegations. On April 23, 2015, Plaintiff submitted another complaint form, doc. 4, which is virtually the same as previous form, doc. 1, and also points to the typed "verified complaint" for the factual allegations and request for relief.

motions be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 11, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.